UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KENNETH RAY GRIFFIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:16-CV-188-JRG-HBG |
| | ) |
| CHERRY LINDAMOOD, Warden, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

State prisoner Kenneth Ray Griffin ("Petitioner") has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his confinement under his 1997 state criminal convictions [Doc. 1]. Petitioner also filed what he has entitled as a "Motion for Case to be Placed on Retired Docket" [Doc. 20], which in substance is a Motion to Stay because he is requesting that his § 2254 petition be stayed until his release from the DeBerry Special Needs Facility ("DSNF"). Petitioner has informed the Court that he has been transferred from the DSNF to the South Central Correctional Facility ("SCCF") [Doc. 24, Notice of Change of Address].

Given Petitioner's transfer to the SCCF, his Motion to Stay [Doc. 20] has become moot and is **DENIED**.

Respondent Cherry Lindamood, the SCCF Warden, has moved to dismiss Petitioner's habeas corpus petition, asserting that it is untimely under 28 U.S.C. § 2244(d)(1)(A) [Doc. 22]. In support of her Motion to Dismiss, Respondent has submitted copies of the state court record and a brief [Docs. 21, 23].[1] Petitioner has responded to the Motion to Dismiss, arguing that he showed

---
[1] The state court record consists of thirty-five attachments [Docs. 21-1 through 21-35].

due diligence in pursuit of his claims and implicitly invoking equitable tolling of § 2244(d)'s statute of limitation to save his § 2254 petition from the application of any time-bar [Doc. 25].

For the reasons below, the Court will **GRANT** Respondent's Motion to Dismiss and will **DISMISS** this petition.

I.     BACKGROUND

A jury in the Washington County Criminal Court convicted Petitioner on October 1, 1997, of one count of first degree murder and one count of especially aggravated kidnapping [Doc. 1 at 1]. On October 3, 1997, the trial court sentenced Petitioner to respective sentences of life without parole and twenty-three years [*Id.*]. Petitioner filed a direct appeal in the Tennessee Court of Criminal Appeals ("TCCA"), but the TCCA denied his appeal and the Tennessee Supreme Court ("TSC") thereafter declined his application for permission to appeal. *State v. Griffin*, No. E1998-00037-CCA-R3-CD, 2000 WL 944010 (Tenn. Crim. App. July 6, 2000), *perm. app. denied* (Tenn. 2001).

On June 4, 2001, Petitioner filed a petition for post-conviction relief in state court. *Griffin v. State*, No. E2001-01932-CCA-R3PC, 2002 WL 236697, at *1 (Tenn. Crim. App. Feb. 19, 2002). The post-conviction court summarily dismissed the petition based on Petitioner's failure to verify under oath the facts supporting relief. *Id.* The TCCA reversed the lower court's decision and remanded the case to the post-conviction court to allow Petitioner to amend his pleading. *Id.* at *3. Thereafter, the post-conviction court denied Petitioner's amended petition, and the TCCA affirmed the denial. *Griffin v. State*, No. E2013-00617-CCA-R3-PC, 2014 WL 885998, at *1 (Tenn. Crim. App. Mar. 5, 2014), *perm. app. denied* (Tenn. 2014). The TSC declined to grant Petitioner permission to appeal on August 29, 2014. *Id.*

On October 24, 2014, Petitioner filed a motion to reopen his post-conviction petition, but the post-conviction court dismissed the motion on November 5, 2014, finding that he had failed to state grounds for reopening the petition. *Griffin v. State*, No. E2015-00239-CCA-R3-PC, 2015 WL 5064068, at *1 (Tenn. Crim. App. Aug. 27, 2015), *perm app. denied* (Tenn. 2016). Petitioner did not appeal.

Instead, on December 18, 2014, Petitioner filed a second motion to reopen his post-conviction petition, and on January 16, 2015, the post-conviction court dismissed this motion too. *Griffin*, 2015 WL 5064068, at *1. Petitioner appealed, but the TCCA dismissed the appeal for lack of jurisdiction based on his failure to follow state procedural requirements for obtaining discretionary review of the denial of a motion to reopen. *Griffin*, 2015 WL 5064068, at *2. The TSC denied Petitioner permission to appeal on January 26, 2016. *Griffin*, 2015 WL 5064068 at *1. The instant § 2254 petition was filed on March 25, 2016.[2]

## II. DISCUSSION

The two issues before the Court are: (1) whether Petitioner filed his § 2254 application within the controlling statute of limitation, and (2) if he did not, whether the period for filing his

---

[2] The petition was mailed to the United States Court of Appeals for the Sixth Circuit [Doc. 1]. Under the prison mailbox rule announced in *Houston v. Lack*, 478 U.S. 266, 276 (1988), a prisoner's notice of appeal is deemed filed on the date that it is properly delivered to the prison officials for mailing to the district court. Pursuant to Sixth Circuit case law following *Houston*, the petition is deemed to have been filed on the date Petitioner signed it because the envelope that contained the petition does not bear a postmark indicating the date Petitioner delivered it to prison officials for mailing. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on a pro se prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary).

application can be statutorily or equitably tolled by his post-conviction petition and two motions to reopen his post-conviction petition.[3]

### A. Rules Governing the Filing of a § 2254 Petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitation governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute begins to run when one of four circumstances occurs: (1) the conclusion of direct review; (2) upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; (3) when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or (4) when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The statute also contains a time-tolling feature: The time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). The first circumstance is the relevant one here.

Hence, to determine the timeliness of this petition, the Court first must determine the date Petitioner's conviction became final. On February 20, 2001, the TSC denied Petitioner's application for permission to appeal on direct review. *State v. Griffin*, 2000 WL 944010, at *1. Ninety days later (i.e., May 21, 2001), the time expired for Petitioner to seek review of the state court's decision in the Supreme Court and, on that date, his conviction became final. *See Jimenez*

---

[3] A motion to reopen is part of the ordinary course of Tennessee's post-conviction review process. *See Patterson v. Brandon*, No. 3:07-0029, 2008 WL 821986, at *2 (M.D. Tenn. Mar. 24, 2008); *see also Wall v. Kholi*, 562 U.S. 545, 547 (2011) (holding "that the phrase 'collateral review' in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review"). Thus, a motion to reopen is a collateral review procedure that can toll the AEDPA's statute of limitation. *Thomas v. Sexton*, No. 1:11-CV-283, 2012 WL 3611866, at *3 (E.D. Tenn. Aug. 21, 2012).

*v. Quarterman*, 555 U.S. 113, 119 (2009) (holding that a § 2254 petitioner's direct review concludes for the purposes of AEDPA's one-year limitations period when the "availability of direct appeal" to the state courts and the Supreme Court has been exhausted); *see also* U.S. Sup. Ct. R. 13.1 (providing 90 days for petitioning for a writ of certiorari, running from the date of the decision of the state court of last resort).

The next day, May 22, 2001, the AEDPA's one-year statute of limitation started to run. *See Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000) (applying Fed. R. Civ. P. 6(a)'s time-computation standards which provide that "the day of the act, event, or default from which the designated period of time begins to run shall not be included") (citations omitted). Accordingly, for purposes of § 2244(d)(1)(A), the time for filing this § 2254 petition would have lapsed one year later, i.e., on May 22, 2002, unless the time was tolled by Petitioner's proper filing of a collateral review petition. 28 U.S.C. § 2244(d)(2).

### 1. Post-Conviction Petition

Petitioner submitted a timely state petition for post-conviction relief on June 4, 2001, 14 days after the AEDPA's one-year clock started ticking. On that date, the clock stopped, with 351 days left on the clock. The clock remained stopped throughout Petitioner's lengthy post-conviction proceedings, including his first appeal to the TCCA, his second appeal following the post-conviction court's decision on the amended petition, and his application to the TSC seeking permission to appeal the TCCA's decision. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (holding that claim is "pending" for the entire term of state court review, including intervals between one state court's judgment, the filing of a timely appeal with a higher state court, and "until the application has achieved final resolution through the State's post-conviction procedures"); *Payton*

*v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (tolling the statute from the time a post-conviction petition is filed until the state supreme court denied an appeal).

The post-conviction proceedings terminated on August 29, 2014, when the TSC denied Petitioner's application for permission to appeal. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (ruling that the statute of limitation in § 2244(d)(2) is not tolled by the filing in the Supreme Court of a petition for certiorari for review of a post-conviction petition). Respondent agrees that §2244(d)'s one-year period was tolled during the pendency of the post-conviction petition.

### 2. Motions to Reopen Post-Conviction Petition

Respondent maintains, however, that both of Petitioner's motions to reopen were improperly filed and that they cannot toll the AEDPA's one-year period [Doc. 23 at 4]. More specifically, Respondent asserts that: (1) Petitioner's first motion to reopen was dismissed as improperly filed, and (2) neither motion complied with applicable laws and rules governing such filings. Respondent does not describe specifically the "applicable laws and rules governing such filings" with which the motions allegedly did not comply.

#### a. Proper Filing of Motions to Reopen

An application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings;" such laws and rules typically "prescribe . . . the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, a "question as to whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." *Id.* at 9. A procedural bar that establishes "a condition to filing" an application is different from a procedural bar that sets forth "a condition to obtaining relief" as sought in an

6

application. *Id.* at 11. A state petition that fails to satisfy a condition to obtaining relief will be unsuccessful, but so long as the state petition meets filing conditions, it would not be "improperly filed for purposes of § 2244(d)(2)." *Id.*

Nothing in the record suggests, nor does Respondent explicitly so maintain, that Petitioner's motions to reopen were deficient in form, untimely, filed in the wrong court or office, or lacking the appropriate filing fee. The post-conviction court dismissed the first motion to reopen on the basis that Petitioner had "stated no reasons as to why his post-conviction petition should be re-opened." *Griffin*, 2015 WL 5064068, at * 1. The second motion to reopen was dismissed because the post-conviction court found that claims Petitioner contended had not been addressed at the evidentiary hearing, in fact, had been addressed at that hearing.

The post-conviction court did not cite to any procedural errors associated with the actual filing of either of the motions to reopen. The post-conviction court ruled, in effect, that Petitioner failed to present claims in his motions to reopen that met the statutory requirements for cognizable claims,[4] but, as *Artuz* instructs, its evaluation of the claims asserted in the motions to reopen do not render those motions improperly filed under § 2244(d)(2). *Artuz,* 531 U.S. at 11. Rules that restrict the cognizable claims that can be brought in a motion to reopen go to whether a petitioner qualifies for relief—to wit, the reopening of his post-conviction petition—but those rules contain no conditions "that go to the very initiation" of the motion to reopen that contains those claims. *See Pace v. DiGuglielmo*, 544 U.S. 408, 415 (2005) (distinguishing between rules that are filing

---

[4] *See Harris v. State*, 102 S.W.3d 587, 592 (Tenn. 2003) (observing that a motion to reopen "provides only three grounds for reopening—a new constitutional right that is given retroactive application, new scientific evidence of actual innocence, and evidence of an improperly enhanced sentence").

conditions, that "go to the very initiation of the petition," and rules that "go to the ability to obtain relief").

"Whether a collateral attack is 'properly filed' can be determined in a straightforward way by looking at how the state courts treated it. If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws . . . then it was not properly filed." *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000); *see also Patterson v. Brandon*, No. 3:07-0029, 2008 WL 821986, at *2 (M.D. Tenn. Mar. 24, 2008) (finding that a motion to reopen tolls AEDPA's statute of limitation where the post-conviction court treated the motion as properly filed and addressed the claims raised therein). The post-conviction court treated the first and second motions to reopen as properly filed, did not dismiss the motions for procedural flaws, and proceeded to address the claims asserted therein. The Court finds that Petitioner's motions to reopen were properly filed, within the terms of § 2244(d)(2), and that the motions tolled the AEDPA's statute of limitation.

Based on this Court's determination that the motions to reopen were properly filed in the state court, the calculations which follow apply to Petitioner's § 2254 petition.

The AEDPA clock resumed running on August 30, 2014, the day after the TSC denied Petitioner permission to appeal. Fifty-six days later, on October 24, 2014, Petitioner filed his first motion to reopen. On that date, Petitioner had used seventy days on the AEDPA clock (14 days + 56 days = 70 days), which then stopped with 295 days left. On November 5, 2014, the motion to reopen was dismissed and, on December 8, 2014, upon the expiration of the 30-day period when Petitioner could have sought permission to appeal to the TCCA, *see* Tenn. Code Ann. § 40-30-

8

117(c) and Tenn. R. App. P. 21(a),[5] the motion to reopen was no longer pending. *See Holbrook v. Curtin*, 833 F.3d 612, 618 (2016) (including the period that a petitioner could have filed a time-tolling state court appeal where the appeal he did file was untimely) (citing *Gonzalez v. Thaler*, 565 U.S. 134 (2012) for its holding that a state court judgment does not become final on direct appeal until the time for seeking appeal in the highest state court expires, even where no appeal is sought).[6] The next day, December 9, 2014, the clock resumed ticking. It ran an additional 10 days and stopped ticking on December 18, 2014, i.e. day 285, when Petitioner filed his second motion to reopen his post-conviction petition. The post-conviction court dismissed the second motion to reopen on January 16, 2015. *Griffin,* 2015 WL 5064068, at *1.

### b. Proper Filing of Appeal of the Second Motion to Reopen

Respondent maintains that, in the alternative, even if the motions to reopen were properly filed and, thus, tolled the AEDPA clock, the clock remained tolled only until the second motion to reopen was denied because Petitioner's appeal of the latter motion to reopen was not properly filed. Respondent's argument is well-taken, with one modification: Under *Holbrook*, the clock

---

[5] Rule 21(a) of the Tennessee Rules of Appellate Procedure contains time-computation standards that operate similarly to those in Rule 6(a) of the Federal Rules of Civil Procedure. Rule 21(a) provides that "the date of the act, event, or default from which the designated period of time begins to run shall not be included" and also provides that, if the last day of the computed period is a Saturday or a Sunday, then the period runs until the end of the next day which is not a Saturday or Sunday. Tenn. R. App. P. 6(a). Rule 6(a) likewise excludes Saturdays and Sundays and runs the period to the end of the next day that is not one of those days. Fed. R. Civ. P. 6(a). The thirtieth day from November 6, 2014 would have been Saturday, December 6, 2014; thus, because the computation period ended on Saturday, Petitioner would have had until Monday, December 8, 2014, to file the appeal. Tenn. R. App. P. 6(a).

[6] The Court understands that *Holbrook* instructs that § 2244(d)(2)'s period is tolled during the 30 days Petitioner could have appealed the denial of his first motion to reopen. Respondent did not address this tolling issue in her Motion to Dismiss.

9

should be tolled for an additional thirty days, the period during which Petitioner could have carried a properly-filed appeal of the denial of his second motion to reopen to the TCCA.

For tolling purposes, a post-conviction appeal is treated the same as an "application for State post-conviction or other collateral review." *See Saffold*, 536 U.S. at 223 (treating an appeal as an "application for State post-conviction or other collateral review"), and *id.* at 227 (observing that "[t]he Court gives 'application' a new meaning . . . one that embraces the multiple petitions, appeals, and other filings that constitute the 'ordinary state collateral review process'") (Kennedy, J., dissenting). The appeal of the second motion to reopen did not meet the state's statute setting forth the conditions for filing an appeal of a motion to reopen; therefore, the appeal of the second motion to reopen was not "properly filed."

Tennessee's procedural rule governing appeals from the denial of a motion to reopen a post-conviction proceeding provides:

> If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.

Tenn. Code Ann. § 40–30–117(c). Petitioner's appeal of the motion to reopen was not properly filed because his notice of appeal was filed in the wrong court (in the state post-conviction court, rather than in the TCCA); it "did not state the issues for review or the reasons why the Petitioner deserved relief;" and Petitioner did not "attach the required documents to his notice." *Griffith*, 2015 WL 5064068 at *1. Notably, a state court's conditions of filing may include requirements as to "the form of the document" or "the court and office in which it must be lodged." *Artuz*, 531 U.S. at 365. Moreover, "[f]ederal courts are obligated to accept as valid a state court's

10

interpretation of state law and rules of practice of that state." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

On January 16, 2015, as noted earlier, the TCCA dismissed the appeal of the second motion to reopen for lack of jurisdiction due to Petitioner's failure to comply with the statutory procedural requirements for filing such an appeal. *Griffith*, 204 WL 5064068, at * 2; *see also Pace*, 544 U.S. at 408 (pointing out that *Artuz* explained that "jurisdictional matters," which "necessitate judicial scrutiny, are conditions to filing" (quoting *Artuz*, 531 U.S. at 9)); *Edmonds v. White*, No. 316CV00170CRSCHL, 2017 WL 2371826, at *3 (W.D. Ky. May 31, 2017) (ruling that "a petitioner's post-conviction relief appeal was not properly filed . . . in accordance with state procedural rules and case law" and could not "continue to toll the time in which the federal habeas petition could be filed under AEDPA); *Christian v. Baskerville*, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (concluding that a petition for appeal of the denial of state habeas relief was not properly filed where it did not include assignments of error as required by state court rules).

Even though the appeal that Petitioner actually filed was dismissed for lack of jurisdiction, it remains that he would have had thirty days to properly file an appeal of his second motion to reopen. *Holbrook*, 833 F3d at 618 (observing that the petitioner would be entitled to tolling if he had not appealed the state court decision and that it "makes little sense to deprive him of this time as a consequence of filing an untimely appeal").

Thus, pursuant to Tennessee Code Annotated § 40-30-117(c) and Tennessee Rules of Appellate Procedure 21(a), Petitioner had thirty days from January 17, 2015, to file a proper appeal from the order dismissing his motion to reopen his post-conviction petition. The thirtieth day was Monday, February 16, 2015. Therefore, the AEDPA clock was tolled until Monday, February 16, 2015. On February 17, 2015, the AEDPA's clock re-started, *see* Fed. R. Civ. P. 6(a)(1)(A), with

11

285 days left to run. The 285th day fell on Sunday November 29, 2015, so Petitioner would have had until Monday, November 30, 2015, to file a timely habeas corpus petition. Therefore, because § 2244(d)(2)'s statute of limitations ended on November 30, 2015, and because Petitioner filed his § 2254 petition on March 25, 2016, the petition is 117 days too late.

### B. Equitable Tolling

In Petitioner's response to Respondent's Motion to Dismiss, he requests equitable tolling of the statute of limitation [Doc. 25]. The AEDPA statute of limitation is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (remarking that limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citation omitted).

Equitable tolling of AEDPA's limitation statute is warranted where a petitioner shows that he: (1) diligently has pursued his rights and (2) was prevented from timely filing the petition because an extraordinary circumstance stood in his way. *Id.* at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Pace*, 544 U.S. at 418. A court must decide whether to toll the statute on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook*, 295 F.3d at 521.

In Petitioner's response, he maintains that he has shown due diligence and perseverance; that he is a layman at law, with limited legal knowledge; and that he has done his best to follow the law and to litigate his claims in a timely manner. Petitioner further maintains that his "current litigation efforts" are hampered by having to undergo medical treatment, including an operation, for blood clots in his body and that he has little to no access to the law library to perform research [Doc. 25 at 1-2].

In effect, Petitioner is asserting that, due to a lack of legal knowledge, he continued to pursue an appeal of his second motion to reopen, rather than to file a habeas corpus petition. The Court concludes, based on the record in this case, that, by the time Petitioner's second motion to reopen was dismissed on January 16, 2015, he was aware that the statute governing motions to reopen did not allow him to present claims alleging that his post-conviction counsel omitted certain grounds at his initial evidentiary hearing. *Griffin*, 2015 WL 5064068, at *1. Yet, Petitioner continued to pursue grounds that the post-conviction court had determined did not authorize the reopening of his post-conviction petition, albeit in an improperly filed appeal of his second motion to reopen.

A mere lack of legal knowledge on the part of a pro se petitioner generally does not justify equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (finding that "ignorance of the law alone is not sufficient to warrant equitable tolling" (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *Applegate v. Beckstrom*, No. CIV.A. 11-92-JBC, 2011 WL 7168744, at *4 (E.D. Ky. Dec. 5, 2011) (listing cases), *report and recommendation adopted*, No. CIV.A. 11-92-JBC, 2012 WL 404921 (E.D. Ky. Feb. 7, 2012) (listing cases); *Sinclair v. Cason*, No. 03-10024-BC, 2004 WL 539226, at *3 (E.D. Mich. Mar. 16, 2004) (declining to equitably toll the statute based on the fact that a petitioner is untrained in the law); *Johnson v. Smith*, No. 02-10010-BC, 2003 WL 1798093, at *3 (E.D. Mich. Mar. 13, 2003) (finding that a petitioner's lack of legal education and ignorance of the law does not call for equitable tolling). Furthermore, Tennessee expects pro se prisoners to comply with the same procedural rules as represented parties. *Willis v. State*, No. E201500235CCAR3ECN, 2016 WL 3753738, at *13 (Tenn. Crim. App. July 7, 2016); *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009) (same).

Likewise, equitable tolling is unavailable for a misapprehension about the application of law. *Rodriguez v. Dretke*, 2004 WL 1586149, *2 and n.16 (N.D. Tex. July 14, 2004) (citing *Fierro v. Cockrell*, 294 F.3d 674, 680-82 (5th Cir. 2002)). Petitioner offers as equitable tolling circumstances his medical problems and lack of access to a law library. However, these circumstances are tied to his "current litigation efforts," a term that the Court understands to be a reference to his § 2254 petition. Significantly, Petitioner's habeas corpus petition was filed after the AEDPA's one-year statute terminated, whereas an equitable-tolling analysis focuses on the period prior to the lapse of 2244(d)'s one-year time frame. In any event, inadequacies in a prison law library standing alone are insufficient to invoke equitable tolling. *Mendoza v. Minnesota*, 100 F. App'x 587, 587-88 (8th Cir. 2004) (no equitable tolling based on inadequate access to law books); *Robinson v. Johnson*, 2001 WL 1066893, at *2 (5th Cir. Aug. 14, 2001) (ruling that an inadequate prison law library does not constitute a "rare and exceptional circumstance" warranting equitable tolling) (quoting *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000)).

Nothing alleged by Petitioner supplies a basis for equitable tolling of the limitation period. Petitioner, who shoulders the burden of justifying the application of equitable tolling, has failed to carry his burden. Therefore, equitable tolling is not appropriate in this case, and it cannot be invoked to save this untimely petition.

### III. CERTIFICATE OF APPEALABILITY

The Court next must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. Where a court dismisses a § 2254 petition on procedural grounds, a COA will issue upon a showing

that reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists would not disagree about whether the Court correctly ruled that the petition is untimely and that equitable tolling cannot be used to rescue this untimely petition. Accordingly, Petitioner will be denied a certificate of appealability. Fed. R. App. P. 22(b); *Slack*, 529 U.S. at 484.

### IV. CONCLUSION

Because this petition is untimely, Court will **GRANT** Respondent's Motion to Dismiss [Doc. 22] and will **DISMISS** this petition [Doc. 1]. Also, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). Finally, for the reasons discussed, the Court will **CERTIFY** that an appeal from this decision would not be taken in good faith, *see* 28 U.S.C. § 1915(a)(3) and will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER**.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE